IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM J. FELTON

v.                                                  Civil No. CCB-18-641

HARTFORD LIFE & INSURANCE
COMPANY

## MEMORANDUM

This insurance dispute arises between William J. Felton and Hartford Life and Accident Insurance Company ("Hartford").[1] Pending before the court is Hartford's motion to dismiss the complaint as untimely, and for failure to state a claim (ECF No. 10). For the reasons outlined below, the court will deny Hartford's motion. The issues have been briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2018).

## BACKGROUND

This case arises from Hartford's June 8, 2016, denial of Felton's claim for Total Disability. (Compl. Ex 1 ["Letter Contesting Denial"] at 2, ECF No. 2). Prior to the initiation of this suit, Felton worked as a counselor for the Anne Arundel County school system and was covered under a disability policy Hartford provided to the Teacher Association of Anne Arundel County. (*Id.* at 1–2). Under the policy, Total Disability is defined as:

> Your disability while covered under the Policy resulting:
> (a) from Sickness, disease or Complication of Pregnancy; or
> (b) directly from accidental bodily Injuries and independently of all other causes;
> which requires the regular care of a duly licensed physician or surgeon, and completely and continuously prevents You:

---

[1] Hartford has been incorrectly identified as Hartford Life and Insurance Company in the case caption. (Mem. P. & A. Supp. Def.'s Mot. Dismiss Compl. ["Def.'s Mot."] at 1, ECF No. 10-2).

> (a) from performing any of Your occupational duties during the first 104 weeks of the period of Total Disability; and
> (b) from engaging, during the remainder of the period of Total Disability, in any occupation or employment for which You are fitted by education, training and experience.

(Compl. Ex 2 [the "Policy"] at 1, ECF No. 2). In other words, a claimant will not qualify for Total Disability unless their disability not only precludes them from holding their current position of employment, but also precludes them from holding that same position in any other work environment. (*Id.*).

Hartford denied Felton's claim for Total Disability because, by its account, "all of your doctors do not see any limitation that would preclude you from working in your occupation as a counselor in a different work environment or for another employer. Global psychiatric impairments precluding occupational function are not substantiated." (Letter Contesting Denial at 1–2 (quoting the June 8, 2016, letter Hartford's Senior Ability Analyst, Tricia L. Neild-Barry, sent Felton)). Hartford concluded that Felton's condition might prevent him from working in his current position as a counselor in the Anne Arundel school system, but it did not preclude him from working as a counselor in any other work environment. (Letter Contesting Denial at 2; The Policy at 1).

Felton alleges that Hartford improperly denied his claim of Total Disability. (Compl. at 1). As Hartford recognized in its motion to dismiss, this case is essentially an appeal from the September 20, 2017, Final Order of the Maryland Insurance Administration ("MIA"), which affirmed Hartford's denial of benefits. (Def.'s Mot. at 2).

## ANALYSIS

**Resolution of the merits**

In its January 7, 2019, memorandum and order, the court asked Hartford not only to expand upon its assertion that the complaint is untimely, but also to respond to the merits of Felton's claims. (ECF No. 13). Because the core documents Hartford submitted in support of its motion, including the MIA's Proposed Determination, the MIA's Final Order, and a March 6, 2017, Letter from the MIA, are heavily redacted, the court cannot rule on the merits of Felton's claims at this stage of litigation. (*See* Def.'s Mot. Dismiss Compl. [Def.'s Mot."] Ex 3 ["March 6 Letter"], ECF No. 10-4; Def.'s Mot. Ex 5 ["Proposed Determination"], ECF No. 10-5; Def.'s Mot. Ex 6 ["Final Order"], ECF No. 10-6). Accordingly, the remainder of this memorandum will focus on the pending motion to dismiss.

To facilitate the ultimate resolution of this case on the merits, however, the court requests that Hartford provide the court with unredacted copies of the MIA's Final Order, Proposed Order, the March 6, 2017, Letter, and the underlying testimony of Felton's doctors. These documents may be filed under seal. Further, because Felton maintains that he has not received a copy of the MIA's Final Order, (Pl.'s 2d Resp. Opp'n Def.'s Mot. ["Pl.s 2d Resp."] at 1, ECF No. 15), the court requests that Hartford mail an unredacted copy of the Final Order to Felton.

**Motion to dismiss**

**a. Timeliness of the complaint**

Hartford argues that Felton's complaint is untimely under § 2-215 of the Maryland Insurance Code. MD. CODE ANN., INS. § 2-215 (West 2018). Section 2-215 provides that an individual may appeal a decision of the MIA by "filing a petition for judicial review with the appropriate circuit court within 30 days after . . . the order resulting from the hearing was served on the persons entitled to receive it." *Id.* Section 2-204 states that the MIA may serve an order on

3

a person either by mailing the order, or "otherwise delivering it to the person." MD. CODE ANN., INS. § 2-204 (West 2018). Through regulation, the MIA has further clarified that an order may be served on a person by "[d]elivering or mailing a copy of the document, first class, postage prepaid, to the person's attorney, if the person is represented by counsel." COMAR 31.02.01.05.

On September 20, 2017, the MIA mailed a copy of its Final Order to Felton's then lawyer, Bruce B. Eisenstein. (Final Order). A mere two days later, however, on September 22, 2017, Eisenstein stopped representing Felton. (Pl.'s 2d Resp. at 1). Based on this timeline, the court will not find that the complaint is time-barred. Federal Rule of Civil Procedure 6(d) establishes a general presumption that "where service of notice commences the limitations period and notice is provided by mail," three additional days will be added to the limitations period to account for the delay inherent in mailing a document. *Dixon v. Digital Equip. Corp.*, 976 F.2d 725, at *1 (4th Cir. 1992) (per curiam);[2] F. R. Civ. Pro. 6(d). This rule applies to limitation periods that run from the time of mailing, rather than the time of receipt, *Dixon*, 976 F.2d at *1, as is the case with § 2-215, *Centre Insurance Co. v. J.T.W*, 397 Md. 71, 85–86 (Md. 2007). In accordance with this presumption that mailing takes three days, and cognizant of both the fact that Felton's counsel ceased representing him two days after the Final Order was mailed and the fact that a copy of the Final Order was never sent to Felton, the court will assume that the complaint is timely. Given the particular facts of the case, and Felton's current pro se status, the court finds this case should be resolved on the merits.

### b. Rule 12(b)(6)

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived

---

[2] Unpublished opinions are cited to for the soundness of their reasoning, not for any precedential value.

therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Pro se pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In accordance with this principle, and out of an abundance of caution, the court will consider the documents Felton attached to his complaint in resolving the pending motion to dismiss. *See Martin v. Duffy*, 858 F.3d 239, 244 n.1 (4th Cir. 2017) (construing a pro se complaint to include

information contained in documents attached to the complaint).

Felton has pled sufficient factual allegations to survive Hartford's motion to dismiss. Under § 27-303 of Maryland's Insurance Code, "it is an unfair claim settlement practice . . . for an insurer . . . [to] refuse to pay a claim for an arbitrary or capricious reason based on all available information." MD. CODE ANN., INS. § 27-303(2) (West 2018). The court's review of the Final Order is "limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *People's Ins. Counsel Div. v. State Farm Fire & Cas. Ins. Co.*, 214 Md. App. 438, 449 (2013) (quoting *United Parcel Serv., Inc. v. People's Counsel*, 336 Md. 569, 577 (Md. 1994)). An attachment to Felton's complaint lists statements from three of Felton's doctors—Dr. Ramana Gopalan, Dr. Samuel Goldberg, and Dr. Alfred Forrester—that, according to Felton, support Felton's contention that he qualified for Total Disability under Hartford's policy, and cut against the MIA's affirmation of Hartford's denial of benefits. (*See* Letter Contesting Denial at 2–4; The Policy at 1). This provides Hartford with sufficient notice of the contours of Felton's cause of action, and allows Felton's claim to cross the line from possible to plausible.[3]

## CONCLUSION

For the reasons stated above, the defendant's motion to dismiss will be denied. A separate order follows.

3/22/19
Date

Catherine C. Blake
United States District Judge

---

[3] The court expresses no opinion on the likely success of Felton's claim following summary judgment motions.

6