## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WILLIAM J. FELTON                            *
                                             *
                                             *
v.                                           *            Civil No. CCB-18-641
                                             *
                                             *
HARTFORD LIFE & INSURANCE                    *
COMPANY

## MEMORANDUM

This insurance dispute arises between William J. Felton and Hartford Life and Accident Insurance Company ("Hartford").[1] Pending before the court is Hartford's motion for summary judgment (ECF No. 19). For the reasons outlined below, the court will grant Hartford's motion. The issues have been briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2018).

## BACKGROUND

This case arises from Hartford's June 8, 2016, denial of Felton's claim for Total Disability. (ECF No. 18-2 at HLAIC 000006–08). Prior to the initiation of this suit, Felton worked as a counselor for the Anne Arundel County school system and was covered under a disability policy Hartford provided to the Teacher Association of Anne Arundel County. (*Id.* at HLAIC 000006). Under the policy, Total Disability is defined as:

> Your disability while covered under the Policy resulting:
> (a) from Sickness, disease or Complication of Pregnancy; or
> (b) directly from accidental bodily Injuries and independently of all other causes;
> which requires the regular care of a duly licensed physician or surgeon, and
> completely and continuously prevents You:

---

[1] Hartford has been incorrectly identified as Hartford Life and Insurance Company in the case caption. (Mem. P. & A. Supp. Def.'s Mot. Dismiss Compl. ["Def.'s Mot."] at 1, ECF No. 10-2).

(a) from performing any of Your occupational duties during the first 104 weeks of the period of Total Disability; and
(b) from engaging, during the remainder of the period of Total Disability, in any occupation or employment for which You are fitted by education, training and experience.

(*Id.* at HLAIC 000091). In other words, a claimant will not qualify for Total Disability unless their disability not only precludes them from holding their current position of employment, but also precludes them from holding that same position in another workplace. (*Id.*).

Hartford denied Felton's claim for Total Disability because all three of Felton's doctors "provided an opinion that there would not be a psychiatric contraindication precluding or limiting you from working in a different work environment and none of the providers would restrict you from returning to work if he were to pursue alternate employment." (*Id.* at HLAIC 000007). Hartford concluded that Felton's condition might prevent him from working in his current position as a counselor in the Anne Arundel school system, but it did not preclude him from working as a counselor in another work environment, and Felton, therefore, did not qualify for Total Disability. (*Id.*).

Felton alleges that Hartford improperly denied his claim of Total Disability. (Compl. at 1). This case is essentially an appeal from the September 20, 2017, Final Order of the Maryland Insurance Administration ("MIA"), which affirmed Hartford's denial of benefits. (*See* ECF No. 18-9 at HLAIC 000530–33).[2]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is

---

[2] Felton represents himself in this case.

genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## ANALYSIS

Under § 27-303(2) of Maryland's Insurance Code, "it is an unfair claim settlement practice . . . for an insurer . . . [to] refuse to pay a claim for an arbitrary or capricious reason based on all available information." MD. CODE ANN., INS. § 27-303(2) (West 2018). The court's review of the Final Order is "limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *People's Ins. Counsel Div. v. State Farm Fire & Cas. Ins. Co.*, 214 Md. App. 438, 449 (2013) (quoting *United Parcel Serv., Inc. v. People's Counsel*, 336 Md. 569, 577 (Md. 1994)).

The MIA correctly recited the rule of law that governs this case.[3] Accordingly, the court will focus its consideration on whether substantial evidence in the record supported the agency's conclusion that Hartford did not deny Felton's claim for an arbitrary or capricious reason, and whether the MIA's decision is premised on an erroneous conclusion of law. The MIA reviewed a range of evidence including the statements of three of Felton's physicians, the report from an independent physician hired by Hartford to assess Felton's claims, and the conclusions of the State Retirement and Pension System ("RPS") and the Social Security Administration that Felton was entitled to disability benefits. (*See* ECF No. 18-9 at HLAIC 000503–14).[4]

Specifically, Felton met with Dr. Gopalan, an internist, Dr. Forrester, a psychiatrist, and Dr. Goldberg, a psychiatrist, prior to the initiation of this suit. (ECF No. 18-9 at HLAIC 000505). On May 31, 2016, Hartford sent these doctors an inquiry that asked: "if [Felton] found suitable employment in a different work environment or for another employer and asked to return to work, in your medical opinion, do you see a psychiatric contraindication limiting him from working in a *different work environment and would you restrict him from pursuing alternate employment opportunities?*" (ECF No. 18-2 at HLAIC 000014). All three doctors responded "No." (*Id.*). On June 8, 2016, Hartford denied Felton's claim. (ECF No. 18-4 at HLAIC 000223–29).

On June 16, 2016, Dr. Gopalan amended his response to "Yes."[5] On October 7, 2016, Felton filed an internal appeal of the denial of his benefits with Hartford. (ECF No. 18-3 at HLAIC

---

[3] *See* ECF No. 18-9 at HLAIC 000503–04 ("[S]ection 27-303(2) prohibits an insurer or nonprofit health service plan from refusing to pay a claim 'for an arbitrary or capricious reason based on all available information.'" (quoting MD. CODE ANN., INS. § 27-303(2))); *see also id.* at HLAIC 000530–33 (MIA Final Order affirming the MIA Proposed Decision).

[4] The court focuses on the MIA's Proposed Order, ECF No. 18-9 at HLAIC 000496–514, which sets forth the ALJ's reasoning in detail. The MIA's Final Order, ECF No. 18-9 at HLAIC 000530–33, summarily affirmed the Proposed Order.

[5] In the MIA's Proposed Order, the ALJ noted that "no testimony or other document explained how or why" Gopalan amended his response, or why, as an internist, he was qualified to make a psychiatric assessment. (ECF No. 18-9 at HLAIC 000509, 000509 n.7).

000137–60). As supporting documentation for his appeal, Felton submitted form affidavits from Doctors Gopalan, Forrester, and Goldberg. (*Id.* at HLAIC 000155–60). In these affidavits, all three doctors appeared to have changed their conclusion as to Felton's ability to work in another environment. (*Id.*). The affidavits each state that Felton "is specifically precluded from working in any occupation or role as a counselor, regardless of work environment and employer." (*Id.*). In reviewing the case, the ALJ noted that these affidavits "are identical and appear to have been prepared by an attorney." (ECF No. 18-9 at HLAIC 000509).

In November 2016, Hartford paid for an independent psychiatrist, Dr. Lurie, to review all the medical records in Felton's file, including the medical records from Felton's sessions with Doctors Gopalan, Forrester, and Goldberg. (ECF No. 18-5 at HLAIC 000175–86). Dr. Lurie concluded that there was "insufficient evidence for any fall off in function psychiatrically," and that "there is no indication that the changes in his work situation or his not working was due to any psychiatric impairment, let alone one that was of such severity as to preclude work or will require restrictions." (*Id.* at HLAIC 000184–85). Accordingly, on November 18, 2016, Hartford upheld its denial of Felton's claim. (ECF No. 18-3 at HLAIC 000001–4).

Based on this evidence the ALJ concluded that Hartford had not denied Felton's claim for an arbitrary or capricious reason. (ECF No. 18-9 at HLAIC 000512–14). Specifically, the ALJ concluded that the record contained many documents from Doctors Gopalan, Forrester, and Goldberg, some of which stated that Felton was precluded from employment entirely, and some of which stated that there would only be psychiatric contraindications if Felton returned to his previous position. (*Id.* at HLAIC 000510–11). The ALJ noted several qualms with Doctors Gopalan, Forrester, and Goldberg's medical records—first, that Dr. Gopalan is not a trained psychiatrist, and second, that all of the documentation of Felton's maladies came from Felton

5

himself. The doctors did not observe any of the symptoms Felton described themselves, and they uniformly described Felton as being "alert," "not psychotic, delusional, or manic," and as having a "good understanding of his current situation." (*Id.* at HLAIC 000507, 000509 n.7). Moreover, after conducting a comprehensive review of all of Felton's medical records, Dr. Lurie concluded there was no reason Felton could not seek similar employment in a different workplace. (ECF No. 18-5 at HLAIC 000175–86; ECF No. 18-9 at HLAIC 000511–12). Accordingly, the ALJ concluded that there was "no reason for [Hartford] to give greater weight to the contrary opinions of Drs. Gopalan and Goldberg than to the other information in the record." (ECF No. 18-9 at HLAIC 000512).

Finally, the ALJ concluded that Felton's receipt of disability benefits from the RPS and the Social Security Administration did not undercut Hartford's denial of Felton's claim. (*Id.* at HLAIC 000513–14). First, the criteria employed by the RPS to determine if benefits are due differs from Hartford's criteria. (*Id.*). Specifically, the RPS awards benefits if an individual is "mentally or physically incapacitated for the further performance of the normal duties of the member's position; the incapacity is likely to be permanent; and the member should be retired." (*Id.* at HLAIC 000513 (quoting MD. CODE ANN., STATE PERS. & PENS. § 29-105 (2015))..By contrast, to qualify for Total Disability under Hartford's policy, an individual's disability must "require[] the regular care of a duly licensed physician or surgeon." (ECF No. 18-2 at HLAIC 000091). Further, the ALJ noted that the RPS decided Felton's claim without reviewing Dr. Lurie's conclusions or the June 2016 statements from Doctors Gopalan, Forrester, and Goldberg that Felton would not be precluded from seeking similar employment with a different employer. (ECF No. 18-9 at HLAIC 000513-14). Finally, the Social Security Administration did not make a decision on Felton's request for benefits until May 23, 2017. (*Id.* at HLAIC 000514). Because this decision postdates Hartford's

denial of Felton's claim, the ALJ concluded Hartford could not have considered it in passing on Felton's claim. (*Id.*). The ALJ, therefore, concluded that neither the decision of the RPS nor the Social Security Administration suggest that Hartford denied Felton's claim based on arbitrary or capricious reasons. (*Id.*).

The ALJ reviewed the evidence Hartford had at the time of its initial denial of Felton's claim and its subsequent denial of his internal appeal. Substantial evidence in the record identified and relied upon by the ALJ supports the MIA's conclusion that Hartford did not deny Felton's claim for an arbitrary or capricious reason. The court has not identified any erroneous conclusions of law in the MIA's Final Order. Accordingly, Hartford's motion for summary judgment will be granted.

## CONCLUSION

For the reasons stated above, the defendant's motion for summary judgment will be granted. A separate order follows.

_____6/14/19_____
Date

_____
Catherine C. Blake
United States District Judge

7