IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM J. FELTON | * | |
| | * | |
| v. | * | Civil No. CCB-18-641 |
| | * | |
| HARTFORD LIFE AND INSURANCE COMPANY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This case involved an insurance dispute between William J. Felton and Hartford Life and Accident Insurance Company ("Hartford"). On June 14, 2019, the court granted summary judgment in favor of Hartford. (ECF 23, 24). Now pending is Felton's motion for relief from judgment. (ECF 25). Hartford opposes the motion, (ECF 26), and Felton did not file a reply. For the reasons explained below, the motion will be denied.

## BACKGROUND

The facts of this case are more fully set forth in the court's June 14, 2019 Memorandum (ECF 23). The court recites the minimum facts necessary to resolve the pending motion.

On June 8, 2016, Hartford denied Felton's claim for Total Disability and, on September 20, 2017, the Maryland Insurance Administration ("MIA") affirmed the denial. This case essentially was an appeal from the MIA's Final Order affirming the denial of Total Disability benefits.

As the court explained in the June 14, 2019 Memorandum, the court's review of the Final Order was "'limited to determining if there [was] substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision [was] premised upon an erroneous conclusion of law.'" *See People's Ins. Counsel Div. v. State Farm Fire & Cas. Ins. Co.*, 214 Md. App. 438, 449 (2013) (quoting *United Parcel Serv. v.*

*People's Counsel*, 336 Md. 569, 577 (1994)). Upon review of the record, the court did not "identif[y] any erroneous conclusions of law in the MIA's Final Order," observing that "[s]ubstantial evidence in the record identified and relied upon by the [Administrative Law Judge] supports the MIA's conclusion that Hartford did not deny Felton's claim for an arbitrary or capricious reason." (ECF 23 at 7). Accordingly, the court granted summary judgment in favor of Hartford.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 60(b),[1] a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Reason (6), the "catchall reason," "may be invoked in only 'extraordinary circumstances.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (citation omitted).

Felton seeks relief from judgment on the basis that "the decision of Hartford to deny Plaintiff's disability claim and the decision of the Maryland Insurance to uphold Hartford's decision are arbitrary and capricious." (ECF 25 at 4). This ground for relief does not fall into any

---

[1] The court construes Felton's motion as one under Rule 60(b), as the time to file a motion under Rule 59(e) lapsed several months before Felton filed the motion for relief from judgment on December 23, 2019. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Even if this motion were timely under Rule 59(e), Felton does not meet the applicable standard for relief. *See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (the three grounds for amending an earlier judgment are "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice").

of the enumerated reasons of Rule 60(b), nor can Felton show "extraordinary circumstances" meriting relief. His motion for relief from judgment merely re-states arguments already presented to and rejected by the court. As the Fourth Circuit has explained, "if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for an appeal." *Aikens*, 652 F.3d at 501 (citation omitted).[2] Accordingly, Felton has failed to show he is entitled to relief from judgment.

## CONCLUSION

For the foregoing reasons, Felton's motion for relief from judgment will be denied. A separate order follows.

  7/2/20  
Date

/S/  
Catherine C. Blake  
United States District Judge

---

[2] To the extent Felton argues that his personal circumstances have prevented him from contesting the court's July 14, 2019, Memorandum and Order, (ECF 25 at 1), this argument is unavailing. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

3